(9 Misc. Rep. 653.)

### UNITED STATES TRUST CO. v. BLACK et al.

(Supreme Court, Special Term, New York County.    October 3, 1894.)

1. WILLS—CONSTRUCTION—RESIDUUM OF RESIDUUM.

Testatrix, after several bequests, directed that the "rest and residue" of her estate be converted into cash and certain other legacies and annuities be paid out of it, and that the principal of the annuities should "fall into and be disposed of as part of the residuary estate." By another clause she directed that, after providing for such legacies and annuities, there should be paid "out of the residue of the proceeds of my residuary estate the following legacies," enumerating them, and that "all the rest and residue of my said residuary estate not herein otherwise disposed of" should go to certain persons. *Held,* that the "residuary estate" into which testatrix directed that the annuity funds should fall was the final residue given to the residuary legatees.

2. COURTS—EXPRESSION OF OPINION BY GENERAL TERM.

A decision of the general term of the supreme court construing a will, though not res judicata in the subsequent action between other parties involving the construction of the same will, is an expression of opinion which the special term will follow.

Action by the United States Trust Company, as trustee, against James Drake Black and others.

Edward W. Sheldon, for plaintiff.

George H. Balkam, for defendants James Drake Black and Benjamin Drake (guardian ad litem for residuary legatees).

Stephen O. Lockwood, for defendants Lawrence Atterbury and others.

E. N. & T. M. Taft, William H. Harris, John H. Mann, Anthony R. Dyett, Williams & Ashley, Cephas Brainerd, Herbert Barry, and Fairfax Harrison, for defendant corporations.

INGRAHAM, J. By the will of Mary Hopeton Drake she directed that certain real estate be sold, and the proceeds paid to the plaintiff as trustee to pay the income to one Evans during his life, and that upon his death without leaving issue the principal of said trust fund should form a part of her residuary estate, and "be disposed of as the same is hereinafter disposed of." Evans having died, the plaintiff applies to the court for directions as to the disposition to be made of this trust fund, and the question to be determined is, to whom is this trust fund now to be paid? The question as to the proper construction of this will has already been presented to this court, and it has been held by the general term (see Wetmore v. Hospital, 56 Hun, 318, 9 N. Y. Supp. 753) that this Evans trust fund was to go to the four infants who were named in the codicil as the general residuary legatees, after the payment of all specific legacies. Thus the presiding justice, delivering the opinion of that court, says:

"This brings us to the other question involved, and that relates to the fund which the testatrix has bequeathed in trust during the lives of James F. Evans, Esther M. Behin, and Emily Hancock, and which, upon the death of the life tenant, is to fall into and be disposed of as part of her residuary estate. The question necessarily presented here is, what residuary estate did the testatrix intend? There seem to be in this will three residuary estates.

The first one mentioned is in the seventh clause, the next one is in the commencement of the eighth clause, and in the same clause, at the end thereof, we find the final residuary clause."

It is claimed that this decision is not an adjudication binding on the parties to this action, as all of those interested were not parties to that action, and the language used by the presiding justice is criticised by some of the parties to this suit. It is very clear, however, what was intended. Of course, there can be but one residuary fund in an estate. That residuary fund is the fund left after the payment of all specific legacies; and the four infants named in the codicil are, strictly speaking, the residuary legatees. It is true that the testatrix, after making certain specific legacies, calls what is left of her estate "all the rest, residue, and remainder of my estate, both real and personal;" but it is simply so called for the purpose of giving to the executors a power of sale to provide a fund from which certain legacies are to be paid. Thus the will first provides for the payment of certain legacies, and then provides that the executors shall sell the rest, residue, and remainder of the estate, and pay certain other legacies; and in the eighth clause of the will certain other legacies are directed to be paid after the payment of the legacies mentioned in the seventh clause, which are first to be paid out of the proceeds of the residuary estate; and then comes the final residuary clause, for the first time designating the residuary legatees, and what is to be given to the residuary legatees is described by the testatrix as "all the rest and residue of my said residuary estate not herein otherwise disposed of." There is thus created what has been termed by the court of appeals a "residuum of a residuum;" and while this, strictly speaking, may imply a contradiction, the phrase not inaptly expresses just what was intended by the testatrix in this case. The question here is, which of these three classes of persons is entitled to what the testatrix calls "the rest, residue, and remainder" of her estate? Or, in other words, to whom did she intend the trust fund should go after the termination of the life estate? That question is answered by the opinion of the presiding justice above referred to; and, whether or not that case is a binding adjudication upon all parties to this action, it is an expression of opinion of the appellate court, which I am bound to follow. In stating the conclusion at which the court had arrived it is said:

"This consideration seems to us to make it plain that the residuary estate to which she referred, and in which she applies these funds at the termination of the life estate, was the final residue which was given to the four infants above mentioned."

The question is not itself free from difficulty, which arises from the fact that the testatrix undoubtedly thought that her estate would be sufficient to pay all these specific legacies and leave a residue to the four infants, and that the contingency of there not being sufficient to pay all these specific legacies without the aid of the principal of these trust funds was not considered by her. It may be said that she evidently intended that these specific legacies provided for by the seventh and eighth clauses of the will

should be paid before any of the residuary estate was paid to the four infants under the final residuary clause. But, on the other hand, it was the evident intention of the testatrix that the legacies under 'the seventh and eighth clauses should be paid after making provision for the other specific legacies, which included the payment to the trustee of these trust funds; and that, when she directed that the trust funds after the termination of the life estate —which might last for many years—should become part of her residuary estate, and be disposed of as the same was thereinafter to be disposed of, she intended that it should go to those to whom she had given the residuary estate as such, and not to those to whom she had given specific legacies. The general term, however, having expressly decided that these four infants, under the codicil, are entitled to these trust funds, I have nothing to do but to follow their decision.

The jurisdiction of the court to entertain such an action as this is undoubted; and as it appears that the executor is now a defaulter, and has absconded, it will be hardly proper to direct that this fund be paid to him. There can be no difficulty in directing the payment by the plaintiff directly to those ultimately entitled to the fund. Judgment is therefore ordered accordingly, with costs.